IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID TRUNG NGUYEN,

    Petitioner,                    No. 2:11-cv-2516 EFB P

    vs.

MICHAEL BABCOCK,

    Respondent.               ORDER

_____/

    Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4). For the reasons explained below, the court finds that it lacks jurisdiction and the petition must therefore be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

**I.    Background**

    Petitioner was convicted in the United States District Court for the Southern District of California for violating 21 U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine, and 18 U.S.C. § 924(c)(1), use of a firearm in furtherance of drug trafficking.

Am. Pet., Dckt. No. 7 at 2.  In his amended petition, petitioner asserts what he calls a "Free Standing Tenth Amendment Challenge" to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1).  Essentially, petitioner alleges that Congress exceeded its power granted by the United States Constitution by enacting the statutes under which he was convicted, thereby encroaching on the sovereignty and authority of the states.  *Id*. at 3, 18-22.

## II.     Analysis

Generally, a challenge to the legality of a petitioner's sentence should be brought under § 2255 in the court in which the petitioner was sentenced rather than under 28 U.S.C. § 2241 in the court for the geographic territory encompassing the prison in which the petitioner is confined.  *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).  This general rule has one exception–under the savings clause of § 2255 (also known as the "escape hatch"), a federal prisoner may challenge the legality of his sentence under § 2241 in the custodial court where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Id.*; 28 U.S.C. § 2255(e).

"[A] motion meets the escape hatch criteria of § 2255 when the petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks omitted).  "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614."  *Marrero* v. *Ives*, 682 F.3d 1190, 1193 (9th Cir. June 19, 2012).  Under *Bousley*, "actual innocence means factual innocence, not mere legal insufficiency."  523 U.S. at 623.  To establish factual innocence, a petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

The Ninth Circuit explained the standard for determining whether a petitioner had an unobstructed procedural shot to pursue his claim: "(1) whether the legal basis for petitioner's

claim did not arise until after he had exhausted his direct appeal and his first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (emphasis added; internal quotation marks omitted). An intervening court decision must "effect a material change in the applicable law" to establish unavailability. *Id.*

Petitioner claims that his conviction violates the Tenth Amendment and that this "court is constitutionally and legally required to order [his] immediate release." Since petitioner is challenging the legality of his conviction, and not the administration of his sentence,[1] petitioner may not pursue his claim under § 2241 unless he can satisfy the escape hatch criteria of § 2255.

The court need not address whether petitioner had an unobstructed procedural shot at pursuing his claim because, even assuming that he did not, he has failed to show that he is actually innocent. Although petitioner discusses the applicable legal standard for analyzing a claim of actual innocence, he does not specifically contend that he is factually innocent of the crime for which he was convicted. He does not proffer any new evidence or claim that no reasonable juror would have found that he violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). Rather, petitioner simply claims that these statutes are unconstitutional. This is a purely legal argument and is insufficient to establish a claim of actual innocence.

As petitioner has not shown that he is actually innocent of the charged offenses, he has failed to demonstrate that § 2255 provides an inadequate or ineffective remedy for asserting his claims. His claims must therefore be brought in a § 2255 petition in the sentencing court, and this court lacks jurisdiction over his § 2241 petition.

////

---

[1] Petitioner contends, without further explanation, that he is challenging "an error in the administration of his indictment" and not "the validity and constitutionality of his sentence." Dckt. No. 7 at 9. Petitioner's contention that his conviction is unconstitutional and his immediate release from prison is warranted clearly indicates that the petition is challenging the legality of his sentence.

3

**III. Conclusion**

Accordingly, it is hereby ORDERED that:

1. The first amended petition for writ of habeas corpus, Dckt. No. 7, is dismissed for lack of subject matter jurisdiction; and

2. The Clerk is directed to close the case.

Dated: August 27, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4